

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 29, 2014**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **CHAPTER 11** |
| | § | |
| **CSMG TECHNOLOGIES, INC. and LIVE** | § | **CASE NO. 14-31320-hdh** |
| **TISSUE CONNECT, INC.,** [1] | § | |
| | § | |
| **Debtors.** | § | **JOINTLY ADMINISTERED** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE
DEBTORS' (A) DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY CODE
SECTIONS 1125 AND 1126(b), (B) SOLICITATION OF VOTES AND VOTING
PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE
JOINT CHAPTER 11 PLAN OF REORGANIZATION OF
CSMG TECHNOLOGIES, INC. and LIVE TISSUE CONNECT, INC.,**

CSMG Technologies, Inc. and Live Tissue Connect, Inc., as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), having jointly

proposed and filed (A) the *Joint Chapter 11 Plan of Reorganization of CSMG Technologies,*

---

[1] The Debtors in these chapter 11 cases are: CSMG Technologies, Inc. and Live Tissue Connect, Inc. The
Debtors' address is Dr. Joseph Kutz, President of CSMG Technologies, Inc. and Live Tissue Connect, c/o
Ernest Stern, Akerman Senterfitt LLP, 750 9th Street, N.W. Suite 750, Washington, D.C. 20001.

*Inc., et al.*, dated as of March 17, 2014, and filed with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") on March 17, 2014, [Docket No. 2][2] (as it may be further amended or supplemented from time to time, the "Plan"), annexed hereto as Exhibit A, and that certain supplement to the Plan, dated and filed with the Court on April 22, 2014 [Docket No. 48] (as the documents contained therein have been or may be further amended or supplemented from time to time, the "Plan Supplement") and (B) (i) the Solicitation and Disclosure Statement for the Joint Chapter 11 Plan of CSMG Technologies, Inc. and Live Tissue Connect, Inc., dated March 17, 2014 [Docket No. 3] (as the same may be amended or further supplemented from time to time, the "Disclosure Statement"), (ii) appropriate ballots (collectively, the "Ballots") for voting on the Plan, in the forms attached hereto as Exhibits B through D, and (iii) the *Declaration of Joanne Dixon of Shackelford, Melton, McKinley & Norton, LLP with Respect to the Tabulation of Votes on the Joint Chapter 11 Plan of CSMG Technologies, Inc., et al.* (the "Voting Certification"), sworn to by Joanne Dixon on March 21, 2014 and filed with the Court on March 21, 2014 [Docket No. 15]; and the Ballots having been duly transmitted to holders of Claims[3] in Classes 2, 3, 4, 5 and 6 in compliance with the procedures (the "Solicitation Procedures") set forth in the Voting Certification and the Motion for Entry of an Order (I) Scheduling a Combined Hearing to Approve the Adequacy of the Disclosure Statement, Confirmation of the Plan, and Adequacy of Pre-Petition Solicitation Procedures; (II) Setting Deadlines and Procedures for Objecting to Adequacy of the Disclosure Statement, Confirmation of Plan, and Adequacy of Pre-Petition Solicitation Procedures; (III)

---

[2] All references to docket entries reference Cause No. 14-31320 unless otherwise indicated.

[3] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Plan and the rules of interpretation set forth in the Plan shall apply to this Order.

Approving the Form and Manner of Notice of the Combined Hearing and Commencement of Cases; and (IV) Directing the Office of the United States Trustee Not to Convene a Meeting of Creditors and Equity Holders [Docket No. 16]; and the Court having entered the Order Granting Debtors' Motion to Entry of an Order (I) Scheduling a Combined Hearing to Approve the Adequacy of the Disclosure Statement, Confirmation of the Plan, and Adequacy of Pre-Petition Solicitation Procedures; (II) Setting Deadlines and Procedures for Objecting to Adequacy of the Disclosure Statement, Confirmation of Plan, and Adequacy of Pre- Petition Solicitation Procedures; (III) Approving the Form and Manner of Notice of the Combined Hearing and Commencement of Cases; and (IV) Directing the Office of the United States Trustee Not to Convene a Meeting of Creditors and Equity Holders (the "Scheduling Order") [Docket No. 29], which, among other things, scheduled a joint hearing to approve the Disclosure Statement and to consider confirmation of the Plan (the "Combined Hearing"); and due notice of the Combined Hearing having been served in accordance with the Federal Rule of Bankruptcy 2002, the Scheduling Order and the Solicitation Procedures, as established by the Certificate of Service [Dkt. 32] filed with the Court, and such notice being sufficient under the circumstances and no further notice being required; and due notice of the Plan Supplement having been given to holders of Claims against and Equity Interests in the Debtors and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures, as established by the Certificate of Service regarding the Plan Supplement [Docket No. 53]; and based upon and after full consideration of the entire record of the Combined Hearing, including (A) the Disclosure Statement, the Plan (including the Plan Supplement) and the Voting Certification, and (B) the Declaration of K. Bruce Jones in Support of Entry of an Order (I) Approving the Adequacy of (A) the Disclosure Statement and (B) the Pre-Petition Solicitation

Procedures, and (II) Confirming the Plan [Docket No. 54] (the "Jones Declaration"), and (C) the

Declaration of Robert Machen in Support of Entry of an Order (I) Approving the Adequacy of

(A) the Disclosure Statement and (B) the Pre-Petition Solicitation Procedures, and (II)

Confirming the Plan [Docket No. 55] (the "Machen Declaration"); and the Court being familiar

with the Disclosure Statement and the Plan and other relevant factors affecting the Chapter 11

Cases (defined below); and the Court being familiar with, and having taken judicial notice of, the

entire record of the Chapter 11 Cases; and upon the arguments of counsel and the evidence

proffered and adduced at the Combined Hearing; and the Court having found and determined

that the Disclosure Statement should be approved and the Plan should be confirmed as reflected

by the Court's rulings made herein and at the Combined Hearing; and after due deliberation and

sufficient cause appearing therefor; the Court hereby FINDS, DETERMINES, AND

CONCLUDES that:

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**THE COURT FINDS AND CONCLUDES THAT:**

1.      <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in

the record of the Combined Hearing constitute the Court's findings of fact and conclusions of

law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by

Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such. To the extent any of the following conclusions of

law constitute findings of fact, they are adopted as such.

2.      <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and</u>

<u>1334(a)</u>.  This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C §§ 157

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTORS'
AMENDED JOINT PLAN OF REORGANIZATION - Page 4**

and 1334.    Approval of the  Disclosure Statement and confirmation of the Plan are core

proceedings pursuant to 28 U.S.C. §  157(b), and this Court has jurisdiction to enter an order

with respect thereto.    This Court has exclusive jurisdiction to determine whether the Plan

complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  The

Debtors are eligible debtors under Bankruptcy Code section 109.  The Debtors are proper plan

proponents under Bankruptcy Code section 1121(a).  Venue is proper under 28 U.S.C. §§ 1408

and 1409.

3.    Chapter 11 Petitions. On March 17, 2014 (the "Petition Date"), each Debtor

commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the

"Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108. No trustee or examiner has been appointed pursuant to Bankruptcy Code section

1104.  No statutory committee of unsecured creditors has been appointed pursuant to Bankruptcy

Code section 1102. Further, in accordance with an order of this Court, the Debtors' cases are

being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.    Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11

Cases maintained by the Clerk of the Court, including all pleadings and other documents filed,

all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings

held before the Court during the pendency of the Chapter 11 Cases.

5.    Burden of Proof.    The Debtor has the burden of proving the elements of

Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence.

6.    Adequacy of Disclosure Statement.    The Disclosure Statement contains

information of a kind and in sufficient detail, as far as reasonably practicable in light of the

nature and history of the Debtors and facts and circumstances of the Chapter 11 Cases, that would enable an hypothetical reasonable investor typical of the holders of Claims and Equity Interests of the Impaired Classes to make an informed judgment regarding the Plan pursuant to 11 U.S.C. § 1125(a)(1). Specifically, the Disclosure Statement includes, among other information, the following: (i) a summary of the Plan; (ii) an overview of the Debtors' businesses, including a company overview, business segments, industry overview; (iii) a description of the Debtors' pre-petition indebtedness; (iv) key events leading to the Debtors' chapter 11 filing; (v) anticipated motions and events during the chapter 11 cases; (vi) the proposed capital and debt structure, including the anticipated amount of the proposed Exit Facility, of the Reorganized Debtors; (vii) management of the Reorganized Debtors; (viii) financial projections and a valuation analysis; (ix) a liquidation analysis; (x) information on the issuance of new securities under the Plan; (xi) risk factors affecting the Debtors, the Reorganized Debtors, and the Plan; (xii) requirements for confirmation of the Plan; and (xii) tax consequences of the Plan. In addition to the types of information that bankruptcy courts typically examine, the Disclosure Statement includes a question and answer section on common bankruptcy questions and a description of the voting process. The information contained in the Disclosure Statement is consistent with and modeled after many of the Debtors' typical periodic reports filed with the Securities Exchange Commission and, as such, the information is in a form that the Debtors' stakeholders are accustomed to seeing on a regular basis from the Debtors. The Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and sufficiently identifying the persons and entities that are subject to the releases. The Disclosure Statement (a) complies with due process, (b) contains "adequate information" (as such term is

defined in Bankruptcy Code section 1125(a)(1) and used in Bankruptcy Code section 1126(b)(2) with respect to the Debtors, the Plan, and the transactions contemplated therein, and (c) is approved in all respects.

7. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Combined Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Scheduling Order and further orders of the Court.

8. <u>Voting</u>. As evidenced by the Voting Certification, votes to accept or reject the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and applicable non-bankruptcy law.

9. <u>Solicitation</u>. Prior to the Petition Date, the Plan, the Disclosure Statement, and the Ballots, and, subsequent to the Commencement Date, Notice of the Combined Hearing and deadline to object to the Plan, were transmitted and served in compliance with Bankruptcy Code sections 1125 and 1126, the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017 and 3018, the Local Rules, the Scheduling Order and all other rules, laws and regulations applicable to such solicitation. The forms of the Ballots adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for holders of Claims or Equity Interests. The Debtors were not required to solicit votes from the holders of Claims or Equity Interests in Class 1 (Other Priority Claims) as the Holders of the Claims in Class 1 are unimpaired under the Plan and are deemed to accept the Plan. The

Debtors also were not required to solicit votes from the holders of Equity Interests in Class 7 (Other Equity Interests in LTC), as the Holders of the Equity Interests in Class 7 receive no recovery under the Plan and are deemed to reject the Plan. As described in and as evidenced by the Voting Certification and the Certificates of Service, the transmittal and service of the Disclosure Statement, Plan, Ballots, notice of the Combined Hearing, and Plan Supplement (all of the foregoing, the "Solicitation") were timely, adequate, and sufficient under the circumstances. The Solicitation of votes on the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws and regulations. The Debtors, the DIP Lenders, and each of the Consenting Noteholders and Consenting Preferred Equity Holders (and each of their respective Affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, attorneys, and other professionals) are entitled to the protection of Bankruptcy Code section 1125(e).

10. <u>Distribution</u>. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

11. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Combined Hearing, which, *inter alia*, sets forth the voting results on the Plan, impaired Classes have voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

12. <u>Modifications To The Plan</u>. The modifications to the Plan set forth on the record in the Plan Supplement filed on April 22, 2014, at the Combined Hearing, or made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, under Fed. R. Bankr. P. 3019, these modifications neither require additional disclosure under Bankruptcy Code section 1125 nor re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Combined Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases. Accordingly, pursuant to Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

13. <u>Notice</u>. As is evidenced by the Voting Certification and the Certificates of Service, the transmittal and service of the Plan, the Disclosure Statement, Ballots, notice of the Combined Hearing and notice of non-voting status were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to the adequacy of the Disclosure Statement, adequacy of Pre- Petition Solicitation Procedures and confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Scheduling Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

14. _Plan Supplement_. On April 22, 2014, the Debtors filed the Plan Supplement, which includes, among other things, drafts of the following documents: the List of Assumed Executory Contracts and Unexpired Leases, List of Rejected Executory Contracts and Unexpired Leases, Exit Facility Term Sheet, New Corporate Governance Documents, the identity of the known members of the New Boards and the officers of the Reorganized Debtors and the nature and compensation for any director or officer who is an "insider" under the Bankruptcy Code, the Form of New Consulting Agreements/Employment Agreements, Descriptions of the Restructuring Transactions, and a Supplement Regarding New Common Stock.

15. _Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)_. The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a. _Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)_. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of impaired Claims (Classes 2-6). The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

b. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article III of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

c. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article V of the Plan provides adequate and proper means for implementing the Plan. Article V.A provides that there will no substantive consolidation of the Debtors. Pursuant to section 1123(a)(5)(A) & (C) of the Bankruptcy Code, Article V. B. provides for the merger of CSMG with and into BioFuse, created for the purpose of reorganizing CSMG as a Delaware corporation. After the merger, each holder of New Common Stock will be a holder of BioFuse in accordance with the Plan. BioFuse will hold 100% of the outstanding common shares of LTC. Article V.C. and D. provides for an Exit Facility for the implementation of the Plan and for cash consideration to be paid from the Exit Facility or cash on hand. Pursuant to section 1123(a)(5)(J), Article V.E. provides for the issuance and distribution of the New Common Stock to the (a) Holders

of Allowed Class 2 Claims, Allowed Class 3 Claims, Allowed Class 5

Equity Interests and Allowed Class 6 Equity Interests, and DIP Lender

Claims. Article V.F. provides for a section 1145 exemption on the

issuance of the New Common Stock. Article V.G. provides for the

cancellation of the securities of the Reorganized Debtors except for the

issuance of shares of common stock of LTC held by CSMG. Article

V.H provides for the listing of the new common stock and transfer

restrictions and provides:

> On the Effective Date, the Reorganized Debtors shall be private, non-reporting companies, and the New Common Stock shall not be registered or listed on any national securities exchange or quotation system. The Reorganized Debtors shall not be obligated to list the New Common Stock on a national securities exchange or quotation system. The New Common Stock will be subject to certain transfer and other restrictions pursuant to, among other things, the applicable securities laws of the United States and those states of the United States where Holders reside and the New Corporation Governance Documents.

Article V.I. – N. provides for the continued corporate existence of the

Debtors pursuant to the New Corporate Governance Documents, New

Certificates of Incorporation and New By-laws, new officers and

directors of the Reorganized Debtors, a Management Incentive Plan, a

Medical Advisory Board, and a Business Advisory Board. Article V.O

provides for the continued employee benefits of the Debtors, if any. In

accordance with section 1123(a)(5)(A) & (E), Article V.P. provides

for the vesting of assets any and all property in each Estate in each

respective Reorganized Debtor, free and clear of liens, claims or

encumbrances (except for Liens, if any, granted to secure the Exit Facility).  Article V.Q.-S. provides that the Debtors may enter into all necessary Restructuring Transactions, take all necessary Corporate Actions and execute all necessary documents to complete the Restructuring Transactions and for the implementation of the Plan shall be executed by all necessary parties, including the Reorganized Debtors.  Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied. Other articles of the Plan provide means for implementation of the Plan as well.  For example, Articles VI provides for the treatment of executory contracts and unexpired leases. Article VIII describes the process for resolving and treating disputed claims.    Article XII provides for the continuing jurisdiction over matters arising out of or related to these Chapter 11 Cases and the Plan.

     e.    <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>.   The Debtors properly and adequately disclose the Reorganized Debtors' post-confirmation management in Article V.K and the Plan Supplement [Dkt. Nos. 48-8, 48-9, and 48-10], thereby satisfying Bankruptcy Code section 1123(a)(7).

     f.    <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>.   The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

16.     <u>Identification of Plan Proponents—Fed.  R. Bankr. P. 3016(a)</u>.  The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

17.     <u>Notice of the Combined Hearing—Fed. R. Bankr. P. 2002 and 3017</u>.  The Debtors have given notice of the Combined Hearing, the deadline to accept or reject the Plan, the deadline to object to the Plan in accordance with the Scheduling Order. and the Notice Order. The solicitation packages prescribed by the Disclosure Statement were transmitted to the holders of Claims and Equity Interests entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002 and 3017 and the Notice Order.

18.     <u>Solicitation of Votes - Fed. R. Bankr. P. 3018</u>.  The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan satisfy Fed. R. Bankr. P. 3018.  The Solicitation Package was transmitted to all holders of Claims and Equity Interests entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

19.     <u>The Debtors' Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2).   Specifically, K. Bruce Jones and Robert Machen testified at the Combined Hearing that:

> a.     The Debtors are eligible for relief under title 11 in accordance with Bankruptcy Code section 109.

> b.     the Debtors have complied with applicable provisions of the Bankruptcy Code and orders of the Court.

     c.     The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

20. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Combined Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtors and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

21. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtors for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

22. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Debtors have complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Combined Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtors.

23. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtors after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in this Chapter 11 Case.

24. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Combined Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

25. <u>Acceptance by All Impaired Classes—11 U.S.C. § 1129(a)(8)</u>. Based upon the evidence adduced at the Combined Hearing, the Plan satisfies the requirement of section 1129(a)(8) that all impaired classes of claims or interests have accepted the plan, as provided in 11 U.S.C. § 1126, or any non-accepting class is unimpaired under the Plan.

26. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

27. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims for each respective Debtor that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

28. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization.

29.   <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>.  All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

30.   <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>.  The Debtors do not have any retiree benefits to be continued under the Plan.  Thus, Bankruptcy Code section 1129(a)(13) is not applicable to any of the Debtors.

31.   <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>.  The Plan does not provide for the sale of any of the Debtors' property.  Thus, Bankruptcy Code section 1129(a)(16) is inapplicable.

32.   <u>11 U.S.C. § 1129(b)</u>.  The requirements 11 U.S.C. § 1129(a)(8) have been met, and accordingly the "cramdown" provisions of 11 U.S.C. § 1129(b) are not necessary. Nevertheless, all of the requirements of Bankruptcy Code Section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtors, (b) all holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in these Chapter 11 Cases, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

33.   <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>.  Based on the record before the Court in these Chapter 11 Cases, the Debtors and their directors, officers, employees, agents,

advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code section 1125.

34.     Impairment of Classes—11 U.S.C. § 1123(b)(1).  In accordance with Bankruptcy Code Section 1123(b)(1), Article III of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

35.     Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2).  The Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases as of the Effective Date, unless such executory contract or unexpired lease: (1) was assumed or rejected previously by the Debtors, (2) expired or terminated pursuant to its own terms before the Effective Date, (3) is the subject of a motion to reject filed on or before, and pending on, the Effective Date, or (4) is identified on the Assumed Executory Contract and Unexpired Lease List.  Accordingly, the Plan complies with Bankruptcy Code section 1123(b)(2).

36.     Satisfaction of Confirmation Requirements.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

37.     Objections.  All objections to the Plan were withdrawn, settled, or overruled.

38.     Plan Modifications.  The modifications to the Plan put on the record at the Combined Hearing and set forth herein do not materially or adversely affect or change the treatment of any holder of a Claim who has not accepted the modifications.  Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under

Bankruptcy Code section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor do they require that holders of claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Combined Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases.

**DECREES**

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1.      <u>Confirmation of the Plan</u>. The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Combined Hearing, is approved and confirmed under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.      <u>Objections</u>. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3.      <u>Approval of Plan Modifications</u>. The modifications set forth on the record at the Combined Hearing or set forth herein are approved. The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

4.      <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtors to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation

Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) all holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in these Chapter 11 Cases, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. Upon the occurrence of the Effective Date with respect to the Debtors, the Plan shall be deemed substantially consummated.

5. <u>Releases and Exculpation</u>. The releases and exculpation provisions set forth in Article IX of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Plan.

6. <u>Injunction Against Interference with the Plan</u>. Pursuant to Article IX of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtors in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

7. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided for in a particular document under the Plan.

8. <u>Binding Effect</u>. On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtors; (b) all

present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

9.      Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2).  Pursuant to Article VI of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be rejected as of the Effective Date, unless such executory contract or unexpired lease: (1) was assumed or rejected previously by the Debtors, (2) expired or terminated pursuant to its own terms before the Effective Date, (3) is the subject of a motion to reject filed on or before, and pending on, the Effective Date, or (4) is identified on the Assumed Executory Contract and Unexpired Lease List.

10.     Rejection Damage Claims.  Pursuant to Article V.C. of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court on or prior to the later of: (i) 30 days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (ii) the Bar Date, and (iii) 45 days after the date that an executory contract or unexpired lease is added to the Rejected Executory Contract and Unexpired Lease List after the Effective Date following the resolution of a pending dispute between one or more of the Debtors and a counterparty to an executory contract or unexpired lease regarding such counterparty's Cure Claim.

11.     Tax Authorities Claims.  In resolution of the objections of Bexar County, El Paso, San Marcos CISD, Hays CISD, Round Rock ISD, and Dallas County (jointly the "Local Texas

Tax Authorities" or "Tax Authorities"), and of County of Comal, County of Guadalupe, County of Hays, County of Williamson, (the "Texas Ad Valorem Tax Claimants") (collectively the "Texas Ad Valorem Tax Authorities") these tax jurisdictions shall hereby retain the liens they currently hold pursuant to Texas Property Tax Code §§32.01 *et. seq.* on the Debtors' property and such liens shall remain in full force and effect until all taxes, penalties or interest secured thereby have been paid in full. The business personal property taxes for the 2010 tax year shall be timely paid in the ordinary course. To the extent that they are not timely paid, these taxes shall be entitled to interest from the Petition Date through January 31, 2011 under 11 U.S.C. § 506(B) at a rate to be determined by further order of this Court, with all parties reserving their rights to assert what they believe that interest rate should be; and at the rate of 1% per month on any unpaid amounts on or after February 1, 2011. Any non-estate property for which the Debtor is contractually responsible will accrue both penalties and interest from and after February 1, 2011, if such taxes are not timely paid. If the taxes on any Debtor-owned property become delinquent, the Texas Ad Valorem Tax Authorities will be at full liberty to pursue any and all remedies they would otherwise have under state law to collect all amounts then due pursuant to state law without further recourse to the Bankruptcy Court.

12.     Reservation of Rights Regarding Executory Contracts and Unexpired Leases: Pursuant to VI.A. of the Plan, the Debtors have the right to amend or otherwise supplement the Assumed Executory Contract and Unexpired Lease List through the Effective Date, subject to the consent of the Bridge One Lender and the Majority CSMG Noteholders.

13.     Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and

any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

14. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

15. <u>Resolution of Claims</u>. As of the date of the Combined Hearing, no deadline for filing proofs of claim has been set.[4] Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. Unless otherwise ordered by the Bankruptcy Court, any objections to Claims shall be filed on or before the date that is the later of: (a) 180 days after the Effective Date, and (b) the last day of such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to certain Claims. The Bankruptcy Court may extend any deadline to object to Claims for cause.

16. <u>Payment of Fees</u>. All fees payable by the Debtors under 28 U.S.C. § 1930 shall be paid on or before the Effective Date or the due date or as soon as practicable thereafter. All Bankruptcy Fees will be paid until the Bankruptcy Court enters a final decree closing the Chapter 11 Cases.

17. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred

---

[4] On April 4, 2014, the Debtors has filed their *Amended Motion for Entry of an Order Establishing Deadline and Procedures for Filing Proofs of Claim and Approving the From and Manner of Notice Thereof* [Dkt. No. 42].

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION - Page 23**

or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

18.     <u>Retention of Jurisdiction</u>.  Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XII of the Plan.

19.     <u>Notice of Entry of Confirmation Order</u>.  The Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

20.     <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

21.     <u>Reference to Plan Provisions</u>.  The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

22.     <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the

provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

23. <u>Enforceability</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

24. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

25. <u>Professional Fee Claims</u>. All applications for final allowance of compensation and reimbursement of Professionals' fees and expenses must be filed no later than forty-five (45) days following the Effective Date and will be subject to the authorization and approval of the Court. Any objections to such applications shall be filed no later than forty-five (45) days following the date on which a final fee application is filed with the Court.

26. <u>Administrative Expense Claims</u>. Except with respect to requests for allowance of compensation and reimbursement of Professional fees and expenses, requests for payment of Administrative Expenses, if required, must be filed and served no later than 30 days after the Effective Date. Holders of Administrative Expenses that are required to, but do not, file and serve a request for payment of such Administrative Expenses by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Expenses against the Debtors or Reorganized Debtors or their property, and such Administrative Expenses shall be deemed discharged as of the Effective Date. Objections to such requests, if any, must be filed and served on the Reorganized Debtors and the requesting party no later than 75 days after the Effective Date or such later date as

the Bankruptcy Court may approve. Notwithstanding the foregoing, no request for payment of an Administrative Expense need be filed with respect to: (i) a DIP Claim, or (ii) any other Administrative Expense made an allowed Administrative Expense by Final Order, including all Administrative Expenses expressly made allowed Administrative Expenses under this Plan.

      27.   <u>Modifications to the Plan</u>.  The Plan is modified as set forth below:

      a.   Article II. is modified to add  the following:

## C.    Priority Tax Claims of the IRS

(i)    Allowed Priority Tax Claims of the Internal Revenue Service ("IRS") are impaired and shall be satisfied as follows:

Allowed Priority Tax Claims of the IRS (the "IRS Priority Claims") are alleged to  be claims for 940 and 941 taxes and other federal taxes asserted to be  approximately $206,278.36. The Debtors shall pay a down payment on account of the Allowed amount of the IRS Priority Claims of $12,907.11 in cash on the Effective Date.  The remainder of the Allowed amount of the IRS Priority Claim shall be paid out of the revenue from the continued operations of the Debtors' business.  The IRS Priority Claim will be paid in full over a 75 month period from the date of the petition, commencing on the Effective Date with interest at a rate of 3% per annum. The monthly payments to the IRS will be:

| Priority Claim of the Internal Revenue Service | | | | |
|---|---|---|---|---|
| | Claim Amount | Number of Payments Payment Dates | Payment Amounts | Total Payments |
| Payments includes 3% interest per annum | $206,278.36 | 1 Month 3 | $12,907.11 | $12,907.11 |
| | | 24 Months 3-27 | $1,000.00 | $24,000.00 |
| | | 48 Months 26-74 | $4,007.69 | $192,369.12 |
| | | | | $229,276.23 |

Failure of the Debtors or a successor in interest to meet the payment obligations set forth in the Plan shall constitute an event of default under the Plan that is not timely cured herein. In addition,  upon a default under the Plan, the administrative collection powers and the rights of the IRS shall  be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of a Federal (or state) tax lien and the powers of levy, seizure, and sale under the Internal Revenue Code. The below stated provisions apply to the IRS:

(a)     If the Debtor or a successor in interest fails to make any Plan payments, and deposits of any currently accruing employment or sales tax liability, fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtors or a successor in interest fails to file any required federal or state tax return by the due date of such return, then the United States may declare the Debtors in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare the Debtors in default, if not cured under (c) below.

(b)     If the United States declares the Debtors in default of their obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtors or a successor in interest.

(c)     If full payment is not made within 14 days of such demand, then the IRS may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default and upon the third event of default, the IRS may proceed to collect on all accounts owed without recourse to the Bankruptcy Court and without further notice to the Debtors.

(d)     The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(e)     All payment will be sent to: Leo Carey/ IRS, 1100 Commerce Street, Mail Code 5027 DAL, Dallas, Texas 75242.

The IRS shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtors and their successors in interest to the IRS. The IRS may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtors and their successors in interest to the IRS; but the IRS shall not take action to actually collect from such persons unless and until there is a default under the Plan, and as set forth in paragraph (i)(a)-(d) above.

   b.  Article V.H. is modified to add the following paragraph after the first full

       paragraph:

       On August 1, 2012 the SEC entered an Order under section 12(j) of the Securities Exchange Act of 1934, as amended (the "1934 Act") revoking the registration of the CSMG's shares of common stock for failure to file its periodic reports required under section

13 of the 1934 Act. As a result of that Order the shares of New Common stock that are being distributed to the creditors under the Plan will not be freely trading until the New Common Stock is registered with the SEC on a Form S-1 registration statement or similar form under the Securities Act of 1933, as amended (the "1933 Act"), or are held for at least six months by non-affiliates under the terms of Rule 144 promulgated under the 1933 Act if CSMG is subject to the periodic filing requirements of the 1934 Act or at least one year if CSMG is not a reporting company under the 1934 Act.

### END OF ORDER ###

*Prepared by:*

*/s/ Frances A. Smith*
Frances A. Smith
State Bar No. 24033084
Rakhee V. Patel
State Bar No. 00797213
Christina W. Stephenson
State Bar No. 24049535
SHACKELFORD, MELTON, MCKINLEY
   & NORTON, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
(214) 780-1400 – Telephone
(214) 780-1401 – Telecopier
Email: fsmith@shackelfordlaw.net
Email: rpatel@shackelfordlaw.net
Email: cstephenson@shackelfordlaw.net

**PROPOSED COUNSEL FOR DEBTORS**